[Crim. No. 328.   Fourth Appellate District.—February 18, 1936.]

THE PEOPLE, Respondent, v. JOHN PETER SCHAFER, Appellant.

P. E. Bingman for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The appellant was charged with the crime of incest committed upon the person of his daughter, a girl of the age of 19 years, who was suffering from epilepsy. He was found guilty by a jury and has appealed from the judgment and from an order denying a motion for a new trial.

The first contention is that the testimony of the complaining witness is not sufficiently corroborated. This witness told a clear and direct story that remained unshaken under cross-examination. This story was fully and completely corroborated by a statement made by the appellant shortly after his arrest and taken down by a shorthand reporter. The appellant took the stand and denied the essential elements of the charge. He admitted having told a different story to the officers, and the reason he gave for having done this was so unreasonable and preposterous as to justify the jury in refusing to believe anything he said. While on the stand the appellant told of certain other actions on his part, which need not be here repeated, which furnish further corroboration of the strongest nature. The complaining witness was corroborated to a degree rather unusual in cases of this nature.

The only other point raised is that the evidence shows that the complaining witness is the stepdaughter of the ap-

pellant and not his daughter. The complaining witness testified that the appellant is her father. In the statement made to the officers shortly after his arrest the appellant referred many times to the complaining witness as his daughter. While on the witness stand the appellant, for the first time, stated that the complaining witness is his stepdaughter. He testified, however, that he had never theretofore told anyone that such was the case. He further testified that she had lived with him, that he had raised her since her birth, and that he was married to her mother at the time she was born. The question was one of fact and the evidence is sufficient to sustain the verdict of the jury.

The judgment and order appealed from are affirmed.

Marks, J., and Jennings, J., concurred.